UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                            CASE NO.: 3: 07-bk-3910-JAF

ERIC HOWARD, II
And JAN HOWARD,

     Debtors.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon Trustee's Objection to Discharge of

Debtors or in the Alternative Dismissal of the Case. The Court conducted a hearing on

the matter on August 13, 2013. In lieu of oral argument, the Court directed the parties to

submit memoranda in support of their respective positions. Upon the evidence and the

applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

## Findings of Fact

On September 7, 2007, Debtors filed a petition under Chapter 13 of the

Bankruptcy Code. In response to Item 9 of Schedule B of their bankruptcy petition,

which requires a debtor to list "[i]nterests in insurance policies [and to] [n]ame [the]

insurance company of each policy and itemize surrender or refund value of each[,]"

Debtors indicated none. However, on Schedule J of their bankruptcy petition Debtors

indicated that they had a monthly expense of $150.50 for a life insurance premium. The

expense was for a term policy insuring the life of Mrs. Howard and of which Mr. Howard

was a partial beneficiary.

At the time of Debtors' bankruptcy filing, Mr. Howard was the owner of EH

Lawn Care and Mrs. Howard was employed as a waitress at Dick's Wings. Prior to their

bankruptcy filing, Debtors had owned two Dick's Wings franchises, both of which were unsuccessful. Debtors opened a third Dick's Wings franchise in April 2008, shortly after their Chapter 13 plan was confirmed. The restaurant was owned by Victory Lanes II, Inc., an S Corporation, owned by Mr. Howard. Mr. Howard's father used his credit cards to finance the start up costs of the restaurant. Neither the Debtors nor Victory Lanes II, Inc. was liable on the credit cards. Mrs. Howard managed the business.

Mrs. Howard developed metastatic lung cancer and died on August 13, 2008. On November 12, 2008, after the payment of funeral expenses, Mr. Howard received proceeds from the life insurance policy in the approximate amount of $228,000. Upon his receipt of the proceeds, Mr. Howard contacted his attorney, Edward Jackson, and informed him of his wife's death and his receipt of the proceeds. Mr. Jackson informed Mr. Howard that the insurance proceeds were not property of his bankruptcy estate and he was not required to disclose his wife's death or his receipt of the proceeds to the Court.

After the death of his wife, Mr. Howard was diagnosed with clinical depression and was unable to devote sufficient time to EH Lawn Care or Dick's Wings. Although Mr. Howard used the vast majority of the life insurance proceeds to subsidize Dick's Wings, it continued to lose money. The last of the proceeds were spent in 2010.

In November 2010 Mr. Howard sold Dick's Wings in order to concentrate on EH Lawn Care and raising his then five year old daughter. While Mr. Howard did not receive any net proceeds from the sale of the business, he received a promissory note for ten years in the amount of $1,467.00 per month.

During the pendency of the case, Mr. Howard provided the Trustee with copies of his 2009, 2010, and 2011 tax returns. Mr. Howard's 2009 and 2010 tax returns listed his name only, and his filing status was that of qualifying widower with a dependent child. The 2009 and 2010 tax returns indicated Mr. Howard's occupation was that of restaurateur and indicated income from two S corporations, EH Lawn Care and Victory Lane Wings II, Inc.

On November 5, 2012, the Trustee filed a notice indicating that Debtors had completed their Chapter 13 plan by making all of the required payments. On December 5, 2012, Mr. Howard filed a Motion to Waive the Requirement of Certificate Regarding Domestic Support Obligation for Jan Howard, indicating that Mrs. Howard was under no obligation to pay support but was incapable of signing an affidavit regarding a domestic support obligation because she had died. Thereafter, the Trustee filed the Objection to Discharge of Debtors or in the Alternative Dismissal of the Case.

## Conclusions of Law

The Trustee asserts that Debtors' discharge should be denied or the case should be dismissed because: 1) Debtors failed to disclose the life insurance policy as an asset on their schedules; 2) Mr. Howard failed to disclose the death of Mrs. Howard; 3) Mr. Howard failed to disclose his receipt of the life insurance proceeds; 4) Debtors failed to disclose their April 2008 purchase of Dick's Wings; and 5) Mr. Howard failed to disclose the sale of Dick's Wings. The Trustee contends that such failure is bad faith, violates the spirit and intent of the Bankruptcy Code, is the fraudulent concealment of assets, and should result in denial of Debtors' discharge or, alternatively, the dismissal of the case.

The first issue before the Court is whether the life insurance proceeds are property of the bankruptcy estate and therefore disposable income, which should have been paid into the plan. The commencement of a bankruptcy case creates an estate that is comprised of all property in which a debtor has a legal or equitable interest as of the petition date. 11 U.S.C. § 541(a)(1). Section 541(a)(5)(C) provides that property of the estate includes:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date-- (A) by bequest, devise, or inheritance; (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5)(C). Section 1306 of the Bankruptcy Code provides that property of a Chapter 13 estate includes:

> in addition to the property specified in section 541 of this title-- all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first;

11 U.S.C. § 1306(a)(1). The majority of courts have held that property of the type set forth in § 541(a)(5), which is acquired more than 180 days post-petition, is property of the Chapter 13 bankruptcy estate. Carroll v. Logan (In re Carroll), 735 F.3d 147, 152 (4th Cir. 2013); In re Vannordstrand, 356 B.R. 788 at *2 (B.A.P. 10th Cir. 2007); In re Tinney, 2012 WL 2742457 at *3 (Bankr. N.D. Ala. July 9, 2012)(collecting cases). However, several courts have found that § 1306's general language does not bring property expressly excluded by § 541(a)(5) into the estate. In re Key, 465 B.R. 709, 711 (Bankr.

S.D. Ga. 2012); In re Walsh, 2011 WL 2621018 at *2 (Bankr. S.D. Ga. June 15, 2011)(noting that "the more specific date restriction that helps define the kind of property included in the estate pursuant to § 541(a)(5) controls and is not superseded by conflicting temporal elements of § 1306(a)(1)"); In re Schlottman, 319 B.R. 23, 26 (Bankr. M.D. Fla. 2004)(finding that if provisions of § 541 apply to define property of estate in § 1306, the exclusions set forth in § 541(a)(5) also apply). Upon a review of the cases, the Court agrees with those courts which hold that property of the type set forth in § 541(a)(5)(C), which is acquired more than 180 days post-petition, is property of the Chapter 13 bankruptcy estate. The Court turns to the issue of whether Debtors' discharge should be denied or the case dismissed based upon their failure to make the previously mentioned disclosures.

### Denial of Discharge

While the Trustee seeks to have the Court deny Debtors' discharge, he cites no code section pursuant to which he proceeds. Section 1328 of the Bankruptcy Code provides for the entry of a discharge in a Chapter 13 case and provides that after the debtor has completed all payments under the plan, the court shall grant the debtor a discharge of "all debts provided for by the plan or disallowed under section 502 of this title" except certain debts, none of which applies in the instant case. 11 U.S.C. § 1328(a). Additionally, § 1328(f) provides that the court shall not grant a discharge to a debtor who has received a discharge: 1) in a Chapter 7, 11, or 12 case during the 4 year period before the filing of the Chapter 13; or 2) in a chapter 13 case during the 2 year period before the filing of the Chapter 13. Section 1328 provides no other grounds for the denial of a discharge in Chapter 13. Because the Trustee does not allege any facts, which would

preclude the Court from granting Debtors' discharge, the Court will deny the Trustee's request.

**Dismissal**

Alternatively, the Trustee seeks dismissal of Debtors' case. Section 1307 of the Bankruptcy Code provides in pertinent part:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

11 U.S.C. § 1307. The statute sets forth a number of non-exclusive factors, none of which applies in the instant case. In addition to the enumerated factors, the Court looks to the totality of the circumstances and whether the debtor proceeded in good faith. In re Haning, 252 B.R. 799, 807 (Bankr. M.D. Fla. 2000). The Court has previously looked to the factors set forth in Kitchens v. Georgia R.R. Bank and Trust Co. (In re Kitchens), 702 F.2d 885, 888 (11th Cir. 1983)[1] to determine whether a Chapter 13 plan is proposed in good faith. While none of the enumerated factors is applicable in the instant case, the factors are non-exclusive. Citing to In re Mitchell, 496 B.R. 625 (Bankr. N.D. Fla. 2013), the Trustee asserts that Debtors were not transparent and failed to put all of their "cards

---

[1] The factors are: (1) amount of the debtor's income from all sources; (2) living expenses of debtor and his dependents; (3) amount of attorney fees; (4) probable or expected duration of debtor's Chapter 13 plan; (5) motivations of debtor and his sincerity in seeking relief under provisions of Chapter 13; (6) debtor's degree of effort; (7) debtor's ability to earn and likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) frequency with which debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; (11) burden which plan's administration would place on trustee; (12) any exceptional circumstances in the case; (13) the type of debt and whether it would be non-dischargeable in chapter 7; and (14) the accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court.

on the table." <u>Mitchell</u> involved an objection to the discharge of Chapter 7 debtors who omitted and undervalued numerous assets on their bankruptcy schedules. <u>Id.</u> at 637. The court found that the debtors' conduct evidenced both a pattern of concealment and a reckless indifference to the truth and denied the debtors' discharge. <u>Id.</u> at 643. As the Court noted, no grounds exist in the instant case to deny Debtors' discharge. To the extent that the Trustee relies on <u>Mitchell</u> for support that Debtors' failure to list the life insurance policy as an asset on their bankruptcy schedules evidences bad faith, the Court rejects that argument. Although Debtors did not list the insurance policy as an asset, they listed the monthly premium as an expense on their schedules. The Court finds that the omission was the result of mistake or inadvertence rather than an intent to mislead or conceal and does not evidence bad faith. <u>See</u> <u>In re Smith</u>, 2013 WL 414653 (Bankr. M.D. Fla. January 31, 2013)(finding that denial of discharge is not warranted when a debtor completes his bankruptcy schedules to the best of his abilities and attempts to be complete and accurate); <u>Keefe v. Rudolph</u>, 233 Fed. Appx. 885, 889 (11th Cir. 2007)(noting that discharge may not be denied where the untruth was the result of mistake or inadvertence).

The Court turns to Mr. Howard's failure to disclose to the Court the death of Mrs. Howard and his receipt of the insurance proceeds. Upon his receipt of the insurance proceeds, Mr. Howard informed his attorney that his wife had died, that he had received the life insurance proceeds, and inquired as to how to proceed. Mr. Howard's attorney advised him he did not need to report his wife's death or his receipt of the proceeds to the Court because the proceeds were not property of the estate. Mr. Howard's failure to notify the Court of his wife's death or his receipt of the insurance proceeds in reliance on

his attorney's advice was not an attempt to conceal that information and does not constitute bad faith warranting dismissal of the case.[2] That Mr. Howard was not attempting to conceal his wife's death from the Trustee is underscored by the fact that he provided the Trustee with copies of his 2009-2010 tax returns indicating that he was a qualifying widower with a dependent child.

Finally, the Trustee argues that Debtors' failure to inform the Trustee that they were buying the third Dick's Wings and Mr. Howard's failure to inform the Trustee that he was selling the restaurant evidences bad faith. To be sure, to the extent that the opening and subsequent sale of the restaurant would affect Debtors'/Mr. Howard's disposable income and their/his ability to fund the Chapter 13 plan, Debtors had an obligation to notify the Trustee of their intentions. In the instant case, the Court does not find that the failure to make such disclosures constitutes bad faith.[3] The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

**DATED** this 3 day of February, 2014 at Jacksonville, Florida.

**JERRY A. FUNK**
United States Bankruptcy Judge

---

[2] Whether his attorney proceeded properly is another matter. At the time Mr. Howard's attorney advised him that he was not required to disclose his receipt of the proceeds to the Court, In re Schlottman, 319 B.R. 23, 26 (Bankr. M.D. Fla. 2004), was the only published decision in the Eleventh Circuit addressing the issue of whether life insurance proceeds received more than 180 days post-petition are property of a Chapter 13 bankruptcy estate. However, that decision is not binding upon this Court and there was conflicting case law in other jurisdictions. The more prudent course of action would have been to advise Mr. Howard not to spend any of the proceeds until the matter had been brought to the attention of the Trustee and the Court.

[3] The Court also notes that despite having been provided copies of Mr. Howard's 2009, 2010, and 2011 tax returns, the Trustee does not argue that the operation or sale of the restaurant affected Mr. Howard's disposable income or his ability to fund the Chapter 13 plan. Mr. Howard made all of his plan payments.